**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JAN 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DERRIS HURTH, an individual, | No. 11-55562 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-05423-SVW-PJW |
| v. | |
| COUNTY OF LOS ANGELES, a local governmental entity; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
For the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted December 8, 2017
Pasadena, California

Before: KELLY,** CALLAHAN, and BEA, Circuit Judges.

Plaintiff-Appellant Derris Hurth ("Hurth") appeals from the district court's

summary judgment decisions on his unlawful arrest and unlawful pat-down search

claims. In particular, Hurth argues that the district court erred in holding that the

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The Honorable Paul J. Kelly, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

defendants were entitled to qualified immunity on the unlawful arrest claim and finding that the defendants had a reasonable articulable suspicion to justify a search on the unlawful pat-down search claim. We review a grant of summary judgment de novo. *Mark H. v. Hamamoto*, 620 F.3d 1090, 1096 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

### 1. Unlawful Arrest Claim

The district court correctly granted summary judgment on the basis of qualified immunity on the unlawful arrest claim because the law was not clearly established to the requisite standard. To demonstrate that a state official violated a clearly established right, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). When an arrest is made without a warrant or probable cause, the officer may still be entitled to qualified immunity if it was objectively reasonable for him to believe he had probable cause to make the arrest. *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009). It was objectively reasonable for Defendants County of Los Angeles and the Los Angeles County Sheriff's Department ("Official Defendants") to believe they had probable cause to arrest Hurth for loitering with the purpose of engaging in a drug-

---

[1] As the parties are familiar with the facts and procedural history, we restate them only as necessary to explain our decision.

2

related offense under either the Hoover Gang injunction ("gang injunction") or California Health & Safety Code § 11532.

Loitering is defined as "delay[ing] or linger[ing] without a lawful purpose for being on the property and for the purpose of committing a crime as opportunity may be discovered." Cal. Health & Safety Code § 11530. Hurth contends that he was not loitering because the plain meaning of the term "loiter" includes a temporal element. However, Hurth acknowledges the unsettled nature of the definition in his opening brief, stating "neither the statute nor the case law interpreting it provides any guidance on what 'delay' or 'lingering' might mean." Blue 21. This is the antithesis of clearly established law. Consequently, a reasonable officer easily, and reasonably, could reach the opposite conclusion on whether Hurth was loitering, particularly given Hurth's statement that he was "just here" or "just hanging out," unmodified by any indication of how long he had been there or intended to stay there.

Second, Plaintiff failed to show that the law was clearly established such that deputies could not have reasonably believed that Hurth intended to commit a drug-related offense under § 11532 (or the gang injunction). Deputy Carpenter knew of Hurth's past narcotics convictions, knew that Hurth was in a gang, had encountered Hurth with other gang members, and had observed loose car panels in Hurth's car that he believed indicated drug activity. *See Devenpeck v. Alford*, 543

3

U.S. 146, 152 (2004). Moreover, the district court did not rely on the disputed fact as to whether Deputy Carpenter knew of the injunction.

Therefore, we hold that "a reasonable officer in [Deputy Carpenter's] position would not have clearly known that his conduct was unlawful under these circumstances." *Ramirez*, 560 F.3d at 1024. Given our disposition, it is unnecessary to address issue preclusion.

## 2. **The Pat-Down Search Claim**

Summary judgment was proper with respect to Hurth's unlawful pat-down search claim because the officer, led by safety concerns, had a reasonable articulable suspicion to perform the pat-down search for weapons. *Terry v. Ohio*, 392 U.S. 1, 21−22 (1968).[2] "The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *United States v. $109,179 in U.S. Currency*, 228 F.3d 1080, 1086 (9th Cir. 2000).

Reasonable articulable suspicion is present here. Deputy Carpenter noticed the loose panels inside Hurth's car, which could suggest drug activity; he knew Hurth had a drug-related criminal background; he knew that Hurth was named in

---

[2] Qualified immunity is also appropriate for the unlawful pat-down search claim because, as discussed in this section, there is no constitutional violation. *See Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

4

the gang injunction; he recognized that they were inside the gang territory subject to the injunction; and he knew of the gang's violent history. Moreover, Hurth gave no explanation for his presence and he was wearing baggy, loose-fitting clothing. Police may reasonably suspect that potential drug traffickers are armed. *See United States v. Davis*, 530 F.3d 1069, 1082−83 (9th Cir. 2008). Facts that lead the police to believe a person may be trafficking in narcotics, as we have here— especially with regard to the loose panels and gang affiliation—can reasonably justify a pat-down search. *See $109,179*, 228 F.3d at 1086 ("Because the police reasonably suspected Maggio of dealing in narcotics, it was not unreasonable to believe that he might be armed."). Accordingly, the officer had a reasonable articulable suspicion.

**AFFIRMED.**